

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–13–610

| | | |
|---|---|---|
| WENDI COX | APPELLANT | **Opinion Delivered** January 29, 2014 |
| V. | | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. CR–2012-79] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE LARRY W. CHANDLER, JUDGE |
| | | REBRIEFING ORDERED |

## RITA W. GRUBER, Judge

Wendi Cox was tried by a jury on two counts of theft of property valued at more than $1,000 but less than $5,000; four counts of theft of property valued at more than $5,000 but less than $25,000; and two counts of theft of property valued at $25,000 or more. The jury found her guilty on all counts and sentenced her to consecutive sentences totaling sixty years' imprisonment. She appeals, contending that substantial evidence did not exist to convict her of the thefts. She argues that the only evidence linking her to the crimes was testimony that was inconsistent or was given by individuals with motives to lie. We order rebriefing for lack of compliance with the requirements of Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals.

The addendum of the appellant's brief "shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Ark. Sup.

Ct. R. 4–2(8). Where there was a jury trial, those documents must include the jury's verdict forms. Ark. Sup. Ct. R. 4–2(8)(a)(i). Because the jury forms do not appear in the addendum of Cox's brief, we order rebriefing on this basis.

Further, although Cox's argument challenges evidence of accomplice corroboration and the State alludes to Cox's being convicted as an accomplice, nothing in the abstract or addendum enables us to determine that this issue was presented at trial. *See, e.g.*, *Massey v. State*, 2010 Ark. App. 683 (ordering rebriefing where our understanding of the case would have been enhanced by inclusion in the addendum of an amended information to which the State alluded); *cf. Davis v. State*, 2009 Ark. App. 573, at 5 n.1 (declining to order rebriefing despite a deficiency in the addendum because the specific sufficiency argument on appeal was not made in appellant's motion for a directed verdict).

We advise Cox's counsel to examine our rules to ensure that no other briefing deficiencies exist. We order counsel to file within fifteen days a substituted brief that includes the jury form, cures any other deficiencies in the abstract and addendum, and revises his argument with reference to proper pages of the addendum and abstracted testimony. Ark. Sup. Ct. R. 4–2(c)(2). After service of the substituted brief, the State shall have the opportunity to revise or supplement its brief in the time prescribed by the clerk, or to rely on the brief that it previously filed in this appeal.

Rebriefing ordered.

WHITEAKER and VAUGHT, JJ., agree.

*John F. Stroud, III*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.